IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHASE MATTHEW McQUITTY p/k/a CHASE MATTHEW and CHASE MATTHEW MUSIC, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> JACOB HIGGINS p/k/a JAKE ANGEL and KOBALT MUSIC SERVICES AMERICA, INC. <br><br> **Defendants.** | Civil Action No. _____ |

**COMPLAINT**
_____

1. Plaintiff, Chase Matthew McQuitty is a very successful songwriter, recording artist and performer. Plaintiff Chase Matthew Music, Inc. is a corporation which owns the copyright in the Compositions written by Chase Matthew, including the musical composition entitled "Darlin'", of which Plaintiff Chase Matthew was one of the composers and in which he owns an undivided interest in the copyright and other exploitation rights.

2. Defendant Jacob Higgins, ("Higgins") professionally known as "Jake Angel," is a songwriter. Defendant Kobalt Music Services America, Inc., ("Kobalt") is a corporation which, on information and belief, owns the copyright in Defendant Higgins' interest in the composition, if any, in "Darlin'." Higgins is a subject of the United Kingdom, residing in Nashville, Tennessee.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action presents involves a federal question regarding copyrights.

4. This Court has personal jurisdiction over Higgins because he resides and can be found in this judicial district, as is true with Kobalt, which is also qualified to do business in Tennessee and maintains an office in this judicial district.

5. Venue is proper because the cause of action arose in this judicial district and the Defendants may both be found in this judicial district.

6. The Defendants are, without a good-faith basis, claiming one hundred percent (100%) ownership in the musical composition "Darlin'", when, if entitled to claim any ownership percentage whatsoever, it would be, at most, twenty percent (20%), as Defendant Higgins has previously admitted and agreed. Higgins has also stated, as confirmed by his attorney purporting to represent him in this matter, that he has a fifty percent (50%) interest in the musical composition "Darlin'".

7. Plaintiff, owner of a twenty percent (20%) interest in the musical composition "Darlin'", had reached an agreement in principle to convey a synchronization license to a third party, "Jockey" brands.

8. Because, however, the Defendants have registered with third party performing rights organizations, including ASCAP, as owning one hundred percent (100%) of the musical composition "Darlin'." Defendants continue to assert, despite having actual knowledge otherwise, that they own one hundred percent (100%) of this composition. This claim has caused Plaintiffs to be unable to issue the requested synchronization license, as Defendants claim that neither Plaintiffs, nor the other three (3) songwriters and owners who own shares in the musical composition "Darlin'" have no ownership therein.

9. Moreover, when Plaintiffs provided evidence to Kobalt that Higgins had previously admitted to owning only a twenty percent (20%) share of the musical composition "Darlin'",

nevertheless, it refused to amend its claim for one hundred percent (100%) of the musical composition "Darlin'", stating that while aware of Higgins' admissions that he owned but a twenty percent (20%) interest, its claim had been amended "due to [Defendant Higgins and his attorney Daniel Friedman] alleging copyright infringement."

10. Accordingly, Plaintiffs seek the Court's declaration that: they own a twenty percent (20%) interest in the musical composition "Darlin'"; and the Defendants own, at most, a twenty percent (20%) interest in the musical composition "Darlin'".

11. Plaintiffs further allege that the Defendants have knowingly induced Jockey to fail to perform the agreement with Plaintiffs, in violation not only of the Tennessee common law, but also of the provisions of T.C.A. §47-50-109, rendering them liable for treble the amount of damages resulting from their tortious actions. In addition, the Defendants have interfered with business relationships of Plaintiffs, to Plaintiffs' damage.

WHEREFORE, Plaintiffs seek the following relief for the following reasons:

1. That it have and recover this Court's declaration that it is an author and owner of at least twenty percent (20%) of the copyright and all related rights in the musical composition entitled "Darlin'"; and

2. That it recover compensatory and punitive damages arising from the Defendants' tortious actions; and

3. That Plaintiffs recover actual and treble damages pursuant to T.C.A. §47-50-109; and

4. That Plaintiffs recover their attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. §505; and

5. That Plaintiffs have and recover such further relief to which they may be entitled.

Dated: August 5, 2025                     Respectfully,

*/s/ Jay S. Bowen*
Jay S. Bowen (TN BPR 002649)
Jacob T. Clabo (TN BPR 036760)
Buchalter, a Professional Corporation
1 Music Circle South, Suite 300
Nashville, TN 37203
T:  629.224-6600
E:  jbowen@buchalter.com
E:  jclabo@buchalter.com

*Attorneys for Plaintiff*